Anet Drapalski (SBN 282086)
    E-Mail: adrapalski@fisherphillips.com
Joel Moon (SBN 290470)
    E-Mail: jmoon@fisherphillips.com
FISHER & PHILLIPS LLP
444 South Flower Street, Suite 1500
Los Angeles, California 90071
Telephone: (213) 330-4500
Facsimile:  (213) 330-4501

Attorneys for Defendants
HOWMET AEROSPACE INC.; HOWMET
GLOBAL FASTENING SYSTEMS INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ROSA MANZO, an individual,<br><br>                    Plaintiff,<br><br>        v.<br><br>HOWMET AEROSPACE INC., a corporation; HOWMET GLOBAL FASTENING SYSTEMS INC., a corporation; JAVIER GARCIA, an individual; and DOES 1 through 50, inclusive,<br><br>                    Defendants. | Case No:<br><br>**DEFENDANT HOWMET GLOBAL FASTENING SYSTEMS INC.'S NOTICE AND PETITION OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332(A), 1441, AND 1446**<br><br>*[Filed concurrently with Civil Cover Sheet, Certificate of Interested Parties, Corporate Disclosure Statement, Notice of Related Cases, Consent to Removal, and Declarations of Sue Kimball and Anet Drapalski]*<br><br>State Court Complaint Filed: 06/27/22<br><br>Trial Date:   None Set |

1

FP 44721563.2

**TO PLAINTIFF, HER COUNSEL OF RECORD AND TO THE CLERK OF THE COURT FOR THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

PLEASE TAKE NOTICE THAT, Defendant HOWMET GLOBAL FASTENING SYSTEMS INC. ("HOWMET GFS") by and through its counsel of record Fisher & Phillips LLP, hereby submits this Notice of Removal and Petition to Remove this action from the Superior Court of the State of California, County of Los Angeles, to the United States District Court for the Central District of California (Western Division) pursuant to 28 U.S.C. §§ 1332 and 1441(b).  The grounds for removal are as follows:

## I.    STATEMENT OF JURISDICTION

1.    This matter is a civil action over which this District Court has original jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a).  This action is one that may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441(b), in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, as set forth below.  *See* 28 U.S.C. §§ 1332, 1441(b).

## II.    VENUE

2.    This action was filed in the California Superior Court for the County of Los Angeles.  Thus, venue properly lies in the United States District Court for the Central District of California.  *See* 28 U.S.C. §§ 84(c), 1391, and 1441.

## III.    PROCEDURAL HISTORY AND TIMELINESS OF REMOVAL

3.    On June 27, 2022, Plaintiff Rosa Manzo ("Manzo") filed a civil action in the Los Angeles Superior Court entitled *Rosa Manzo v. Howmet Aerospace Inc., et al.*, Case No. 22STCV20791 ("State Lawsuit").   *See* Declaration of Anet Drapalski ("Drapalski Decl."), ¶ 3, **Exhibit A**.

4.    On July 6, 2022, Manzo served HOWMET GFS and HOWMET AEROSPACE INC. ("HOWMET AEROSPACE") (collectively Defendants")

2

FP 44721563.2

with the Civil Case Sheet, Summons, and Complaint.  Drapalski Decl., ¶ 4.  The complaint alleges twelve causes of action for:  (1) disability discrimination in violation of FEHA; (2) failure to accommodate actual or perceived disability; (3) failure to engage in the interactive process; (4) harassment based on disability; (5) retaliation in violation of FEHA; (6) failure to prevent discrimination, harassment, and or retaliation in violation of FEHA; (7) violation of the California Family Rights Act; (8) retaliation under the California Family Rights Act; (9) wrongful termination in violation of public policy; (10) declaratory relief; (11) injunctive relief; and (12) violation of Labor Code section 1102.5,.  Drapalski Decl., ¶ 3, **Exhibit A**.

5.     Manzo also named Javier Garcia ("Garcia") as a co-defendant in the State Lawsuit.  Manzo only asserts the fourth cause of action for harassment based on disability against Garcia.  Drapalski Decl., ¶ 3, **Exhibit A**.  As of the date of this Notice of Removal, and based on HOWMET GFS's current knowledge, Garcia has not been served with a copy of the Summons and Complaint.  Drapalski Decl., ¶ 5.  Garcia has not filed any documents in the State Lawsuit.  *See Id.*

6.     HOWMET GFS and HOWMET AEROSPACE filed Answers to the Complaint on August 4, 2022.  Drapalski Decl., ¶ 6, **Exhibit B**.  HOWMET AEROSPACE's consent to removal pursuant to 28 U.S.C. § 1446(b)(2)(A) was filed and served concurrently with HOWMET GFS's Notice of Removal.

7.     As of the date of this Notice of Removal, no other processes, pleadings, and/or orders have been served upon Defendants in the State Lawsuit.  Drapalski Decl., ¶ 8.

8.     This Notice of Removal is timely filed because it is filed within thirty days of service of the initial pleading setting forth the claim for relief upon which the State Lawsuit is based.  *See* 28 U.S.C. § 1446(b)(3); *see also Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (11th Cir. 1999).  In addition, this Notice of Removal has been filed within one year of commencement of the State

1  Lawsuit as required by 28 U.S.C. § 1446(b).  Therefore, this Notice of Removal
2  has been timely filed.

3  **IV.    GROUNDS FOR REMOVAL**

4          **A.    Complete Diversity of Citizenship Exists Between Manzo and**
5                  **HOWMET GFS and HOWMET AEROSPACE.**

6                  *1.    Citizenship of Manzo.*

7          9.     For diversity purposes, a person is a "citizen" of the state in which he
8  is domiciled.  28 U.S.C. § 1332 (a)(1); *see also Kanotor v. Wellesley Galleries,*
9  *Ltd.*, 704 F.2d 1088 (9th Cir. 1983); *Kramer v. Warner-Lambert Co.*, 265 F.3d 853,
10 857 (9th Cir. 2001) (confirming that a person's domicile is the place he resides with
11 the intention to remain).  Residence  is *prima facie* evidence of domicile.
12 *Mondragon v. Capital One Auto Fin.*, 736 F.3d 880, 886 (9th Cir. 2013); *State*
13 *Farm Mut. Auto. Ins. Co. v. Dyer,* 19 F.3d 514, 520 (10th Cir. 1994); *Marroquin*
14 *v. Wells Fargo, LLC*, No. 11CV163-L BLM, 2011 WL 476540, at *1 (S.D. Cal.
15 Feb. 3, 2011).  In fact, it is presumed that a natural person's residence is also his or
16 her domicile, and a party resisting this presumption bears the burden of producing
17 contrary evidence.  *Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986).

18         10.    In her Complaint, Manzo alleges that she "is, and at all relevant times
19 mentioned herein was, an individual, who is a resident of Los Angeles County, in
20 the State of California."  *See* Drapalski Decl., ¶ 3, **Exhibit A**, Compl. ¶ 1.  Nothing
21 in the Complaint or other pleadings suggest otherwise.  Accordingly, Manzo is
22 domiciled in and is a citizen of the State of California.

23                 *2.    Citizenship of HOWMET GFS and HOWMET AEROSPACE*

24         11.    At the time of the filling of this action, HOWMET GFS was and
25 continues to be a corporation. *See* Declaration of Sue Kimble ("Kimble Decl."), ¶
26 4.

27         12.    At the time of the filing of this action, HOWMET AEROSPACE was
28 and continues to be a corporation.  Kimble Decl., ¶ 3.

DEFENDANT HOWMET GLOBAL FASTENING SYSTEMS, INC.'S NOTICE AND PETITION OF
REMOVAL

FP 44721563.2

13.     For diversity purposes, a corporation is deemed to be a citizen of the state in which it has been incorporated and where it has its principal place of business. 28 U.S.C. § 1332(c)(1). The phrase "principal place of business" "refers to the place where the corporation's high-level officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (U.S. 2010). This is the corporation's "nerve center." *Id.* at 1181. "[I]n practice [this] should normally be the place where the corporation maintains its headquarters." *Id.* at 93. The "nerve center" analysis focuses on the place at which the corporation's executive and administrative functions are conducted. *See Indus. Tectronics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092–93 (9th Cir. 1990); *see also State Farm Fire & Cas. Co. v. Byrd*, 710 F.Supp. 1292, 1293 (N.D. Cal. 1989) (determining "nerve center" by examining, among other factors, where the corporation's headquarters are located and where its principal policy and executive decisions are made).

14.     At all times alleged in the State Lawsuit and at the time this Notice of Removal was filed, HOWMET GFS is, and was, a corporation that is incorporated in Delaware. *See* Kimble Decl., ¶ 4, **Exhibit E**. HOWMET GFS's principal place of business is, and was, located in Pittsburgh, Pennsylvania as of the date the State Lawsuit and this Notice of Removal were filed. *See id*. HOWMET GFS controls, directs, and coordinates the company's business activities at its Pittsburgh, Pennsylvania headquarters. *See id*. HOWMET GFS's executive officers and directors work in the company's Pittsburgh, Pennsylvania headquarters. *See id*. Accordingly, HOWMET GFS is a citizen of the states of Delaware and Pennsylvania as it is incorporated in Delaware and has its principal place of business in Pennsylvania.

15.     Similarly, at all times alleged in the State Lawsuit and at the time this Notice of Removal was filed, HOWMET AEROSPACE is, and was, a corporation that is incorporated in Delaware. *See* Kimble Decl., ¶ 3, **Exhibit D**. HOWMET

AEROSPACE's principal place of business is, and was, located in Pittsburgh, Pennsylvania as of the date the State Lawsuit and this Notice of Removal were filed. *See id*. HOWMET AEROSPACE controls, directs, and coordinates the company's business activities at its Pittsburgh, Pennsylvania headquarters. *See id*. HOWMET AEROSPACE's executive officers work in the company's Pittsburgh, Pennsylvania headquarters. *See id*. Accordingly, HOWMET AEROSPACE is a citizen of the states of Delaware and Pennsylvania as it is incorporated in Delaware and has its principal place of business in Pennsylvania.

### 3. *Citizenship of Doe Defendants*

16. The Complaint also names as Defendants DOES 1 through 50 ("DOE Defendants"). The alleged "Doe" Defendants named in the Complaint are not considered in assessing diversity. *See*, *e.g*., *Newcombe v. Adolf Coors Co*. 157 F.3d 686, 690–91 (9th Cir. 1998) ("28 U.S.C. §1441(a) explicitly provides that the citizenship of defendants sued under fictitious names shall be disregarded for purposes of removal. As such, the district court was correct in only considering the domicile of the named defendants."). Accordingly, the citizenship of the alleged DOE Defendants does not impact the diversity analysis for removal.

17. Because Plaintiff is a citizen of California and HOWMET GFS and HOWMET AEROSPACE are citizens of Delaware and Pennsylvania, complete diversity of citizenship exists in this matter.

### B. **Garcia Was Fraudulently Joined as A Defendant and Complete Diversity Exists**.

18. The Complaint alleges that the individual defendant Garcia is a resident of California and thus, not diverse from the California citizenship of Manzo. *See* Drapalski Decl., ¶ 3, **Exhibit A,** Compl. ¶ 3. However, a non-diverse defendant named in a state court action is disregarded for diversity jurisdiction purposes if the Court determines that the defendant's joinder in the litigation is a "sham" or "fraudulent" in that no valid cause of action has been stated against that

FP 44721563.2

defendant.  *Morris v. Princess Cruises, Inc*., 236 F.3d 1061, 1067 (9th Cir. 2001). "It is commonplace that fraudulently joined defendants will not defeat removal on diversity grounds."  *Ritchey v. Upjohn Drug Co*. 139 F.3d 1313, 1318 (9th Cir. 1998).  "If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent."  *McCabe v. General Foods Corp*., 811 F.2d 1336, 1339 (9th Cir. 1987).  Where, after all disputed questions of fact and all ambiguities in the controlling state law are resolved in the plaintiff's favor, the plaintiff cannot recover against the party whose joinder is questioned, the joinder is considered fraudulent.  *Calero v. Unisys Corp*., 271 F.Supp.2d 1172, 1176 (N.D. Cal. 2003).

19.    Manzo alleges only one cause of action for harassment based on disability against Garcia.  However, this cause of action cannot  be maintained against Garcia.  To state a cause of action, a complaint must allege "*enough facts to state a claim to relief that is plausible on its face*."  *Bell Atlantic Corp. v. Twombly* (2007) 550 U.S. 544, 570; *see also Ashcroft v. Iqbal* (2009) 556 U.S. 662, 684.  To establish a "plausible" claim, the complaint must contain "more than labels and conclusions" or "formulaic recitations of the elements of a cause of action." *Twombly*, 550 U.S. at 555.

20.    The Complaint only alleges the following facts related to Garcia in a single paragraph:

- "Ms. Manzo's supervisor, Javier Garcia (hereinafter 'Mr. Garcia'), often made harassing comments, ***such as not giving a pay raise to Ms. Manzo because she missed too much work***, despite being fully aware of Ms. Manzo requiring time off of work due to her medical condition and disability." Drapalski Decl., ¶ 3, **Exhibit A**, Compl. ¶ 25 (emphasis added).

- "Moreover, Mr. Garcia often responded to Ms. Manzo's requests

for reasonable accommodations with annoyance, shaking his head and stating 'again?'" *Id.,* Compl. ¶ 25.

- "Mr. Garcia's visible and audible reluctance and annoyance caused significant stress and anxiety every time Ms. Manzo had to request a reasonable accommodation as she could not afford to lose her job and her health insurance." *Id.,* Compl. ¶ 25.

1. ***Manzo's Fourth Cause of Action for Harassment as to Garcia Fails as a Matter of Law.***

21.    None of the limited allegations in the Complaint support a claim for harassment or hostile work environment against Garcia and therefore Garcia is a sham defendant and must be disregarded for purposes of removal.

22.    To establish a hostile work environment claim, a plaintiff must prove she was (1) "subjected to verbal or physical conduct" of a harassing nature; (2) "the conduct was unwelcome;" and (3) the conduct as sufficiently severe or pervasive to alter the conditions of employment and create an abusive work environment.  *See Manatt v. Bank of America, NA* (9th Cir. 2003) 339 F.3d 792, 798 (citing *Kang v. U. Lim America, Inc.* (9th Cir. 2002) 296 F.3d 810, 817).  Courts have ruled that "simple teasing" and "offhand comments," are not actionable.  *See Manatt, supra,* 339 F.3d at 798.  Plaintiff must establish that she was subjected to offensive comments or other abusive conduct that were clearly based on a protected category (her alleged disability here) and ***were "sufficiently severe or pervasive to 'alter the conditions of [the victim's] employment and create an abusive work environment.***" *Fisher v. San Pedro Peninsula Hosp.*, 214 Cal. App. 3d 590, 609 (1989) (emphasis added).  Conduct that is "occasional, isolated, sporadic, or trivial" is insufficient.  *Id.* "In determining what constitutes 'sufficiently pervasive' harassment, the courts have held that acts of harassment cannot be occasional, isolated, sporadic, or trivial, rather the plaintiff must show a concerted pattern of harassment of a repeated, routine or a generalized nature." *Brennan v. Townsend*

8

1    *& O'Leary Enterprises, Inc.*, 199 Cal. App. 4th 1336, 1347 (2011) (quotations
2    omitted).  Moreover, "when the harassing conduct is not severe in the extreme,
3    more than a few isolated incidents must have occurred to prove a claim based on
4    working conditions*." Lyle v. Warner Brothers Television*, 38 Cal. 4th 264, 284
5    *Productions* (2006).

6    　　　23.　In *Manatt*, the Court ruled that plaintiff's allegations that defendant's
7    repeated use of racial epithets, which occurred over a span of ***two-and-a-half years***,
8    did not constitute harassment because the conduct, although offensive and
9    inappropriate, was not sufficiently "severe or pervasive to alter the conditions of
10   [plaintiff's] employment and create an abusive work environment."  *Id*. at 795-98
11   ("Viewing the evidence in the light most favorable to [plaintiff] Manatt, we
12   conclude that the conduct of Manatt's co-workers and supervisor—while offensive
13   and inappropriate—did not so pollute the workplace that it altered the conditions
14   of her employment.  Her hostile work environment discrimination claim must
15   therefore fail.") (*citing Vasquez v. County of Los Angeles,* 307 F.3d 884, 893 (9th
16   Cir. 2002) (finding no hostile environment discrimination where the employee was
17   told that he had "a typical Hispanic macho attitude," that he should work in the
18   field because "Hispanics do good in the field" and where he was yelled at in front
19   of others);  *Nielsen v. Trofholz Technologies, Inc.*, 750 F.Supp.2d 1157, 1169 (E.D.
20   Cal. 2010) (finding that defendant's verbal attacks and requirement that plaintiff
21   work 30 days straight "certainly has not shown that the harassment was severe and
22   pervasive.");  *Holmes v. Petrovich Dev. Co. LLC*, 191 Cal. App. 4th 1047, 1052–
23   1057 (plaintiff's boss and coworker comments on the size of her stomach, her boss
24   sending her emails that her pregnancy was an extreme hardship on the business,
25   and her boss forwarding emails about her prior miscarriages is insufficient to
26   demonstrate harassment); *Kortan v. Cal. Youth Auth.*, 217 F.3d 1104, 1111 (9th
27   Cir. 2000) (court found there was no hostile work environment where the
28   supervisor referred to females as "castrating bitches," "Madonnas," or "Regina" in

front of plaintiff on several occasions and directly called plaintiff "Medea.")

24.    In *Haley v. Cohen & Steers Capital Management, Inc.*, 871 F.Supp.2d 944, 957 (N.D. Cal. 2012), the court found that defendant's "targeting" of plaintiff in weekly telephone calls, reference to plaintiff's cancer diagnosis as a "lifestyle choice," demand that plaintiff work while on intermittent leave, and demand that plaintiff triple her sales and expect to be placed on probation upon her return to leave did not "rise to the requisite level of severity insofar as plaintiff's claim for disability-based harassment is concerned."

25.    There can be no dispute that Manzo has not alleged harassing conduct that is "severe in the extreme" by Garcia based on her alleged disability.  To the contrary, both the amount and the nature of conduct alleged by Plaintiff belie her claim that she was subjected to a hostile work environment.  Plaintiff's Complaint utterly fails to identify any harassing, derogatory or offensive comments, other than Garcia allegedly asking "again?" when Manzo requested accommodations. Tellingly, Manzo does not allege Garcia made any disability based slurs and/or engaged in inappropriate physical conduct.  Manzo further does not allege that Garcia ever denied her any reasonable accommodations.  Instead, the only conduct that Manzo alleges against Garcia is that he responded with "visible and audible reluctance and annoyance, shaking his head and stating 'again?'" – all of which is conduct that is objectively neutral and non-incendiary on its face and cannot reasonably be viewed as harassment based on Manzo's alleged disability.  *Holmes*, 191 Cal. App. 4th 1047 at 1060 (holding that Plaintiff being asked about her maternity leave coupled with emails expressing the hardship such leave imposed on the business was not objectively offensive conduct).  As such, Garcia's alleged displays of "reluctance" and "annoyance" clearly do not rise to the level of "severe or pervasive" offensive conduct and cannot constitute actionable harassment.

26.    Moreover, such isolated, non-incendiary and innocuous conduct alleged against Garcia is undoubtedly weaker than allegations found in cases where

courts have held that more seemingly egregious conduct was still insufficient to sustain a hostile work environment claim.   If the court in *Manatt* and *Kortan*, concluded that repeated racial epithets over two-and-a-half-years and directly calling plaintiff and others derogatory terms did not rise to the level of "severe or pervasive to alter the conditions of [plaintiff's] employment and create an abusive work environment," and the court in *Haley* equally found that telling a plaintiff that her cancer diagnosis was a "lifestyle choice" were not actionable harassment, then certainly the facts alleged in Manzo's Complaint against Garcia do not rise to such level – and must fail as a matter of law.

27.   More importantly, Manzo's primary alleged injury consists of personnel decisions regarding her alleged denial of a pay increase by Garcia. Drapalski Decl., ¶ 3, **Exhibit A**, Compl. ¶ 25.   However, personnel management actions, including "hiring and firing, job or project assignments, office or work station assignments, promotion or demotion, performance evaluations, the provision of support, the assignment or non-assignment of supervisory functions" and decisions regarding meetings fall outside the purview of harassment. *Janken v. GM Hughes Electronics* (1996) 46 Cal.App.4th 55, 65. *McKenna v. Permanente Medical Group, Inc.*, (E.D. Cal. 2012) 894 F.Supp.2d 1258, 1280.   To that end, California law distinguishes between discriminatory employment actions taken by *an employer* and harassment from *an individual* coworker or supervisor.   Under FEHA, is it unlawful for "an employer" to discriminate, while it is unlawful for "an employer . . . or any other person" to harass. *See* Cal. Gov. Code. §§ 12941, 12940. An individual employee, in addition to an employer, can be held liable for harassment.   In *Janken v. GM Hughes Electronics*, 46 Cal. App. 4th 55 (1996), the California Court of Appeals makes a distinction between the two that is critical to the argument that Garcia is a sham defendant and that Plaintiff fails to allege a cause of action for harassment against Garcia:

DEFENDANT HOWMET GLOBAL FASTENING SYSTEMS, INC.'S NOTICE AND PETITION OF REMOVAL

FP 44721563.2

> [T]he Legislature intended that **commonly necessary personnel management actions** such as hiring and firing, **job or project assignments**, office or work station assignments, promotion or demotion, performance evaluations, **the provision of support**, the assignment or non-assignment of supervisory functions**. . . do not come within the meaning of harassment. These are actions of a type necessary to carry out the duties of business and personnel management**. These actions may retrospectively be found discriminatory if based on improper motives, but in that event the remedies provided by the FEHA are those for discrimination, not harassment. **Harassment, by contrast, consists of actions outside the scope of job duties which are not of a type necessary to business and personnel management**. This significant distinction underlies the differential treatment of harassment and discrimination in the FEHA.

*Janken*, 46 Cal. App. 4th at 64-65 (emphasis added). In other words, personnel management activity does not fall within the scope of actionable harassment. *Reno v. Baird*, 18 Cal. 4th 640, 646–647 (1998); *see also Roby v. McKesson Corp.,* 47 Cal. 4th 686, 706 (2009) ("[H]arassment consists of conduct outside the scope of necessary job performance, conduct presumably engaged in for personal gratification, because of meanness or bigotry, or for other personal motives"); *McKenna v. Permanente Medical Group, Inc.*, 894 F.Supp.2d 1258, 1280 (E.D. Cal. 2012).

28. In the instant case, Manzo only alleges personnel management decisions and cannot maintain a harassment claim against Garcia. Specifically, Manzo alleges that Garcia purportedly failed to provide her with a "pay raise" because "she missed too much work." Plaintiff's Complaint also fails to specifically allege that Garcia denied any requests for reasonable accommodation. Such conduct, consisting of nothing more than compensation decisions, falls squarely within the scope of personnel management activity and cannot constitute unlawful harassment under California law. *See Reno*, 18 Cal. 4th at 646-47. *See, e.g., Janken,* 46 Cal. App .4th at 64–65; *Mendoza v. v. Staples, Inc*., 2014 WL 6670221, at *3-6 (C.D. Cal. Nov. 24, 2014) (finding that allegations regarding

personnel management actions did not amount to harassment under FEHA).

29.     Because Manzo cannot allege any claims as a matter of law against Garcia, he is a "sham" defendant and removal is proper.  *Hamilton Materials, Inc., v. Dow Chem. Corp*. (9th Cir. 2007) 494 F.3d 1203, 1206 ("[i]f plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent.")

30.     Although all defendants to an action normally must consent to removal, the consent of fraudulently joined parties is not required for removal of an action from state to federal court.  *Emrich v. Touche Ross & Co.* (9th Cir. 1988) 846 F.2d 1190, 1193 n.1 (citing *Hewitt v. City of Stanton* (9th Cir. 1986) 798 F.2d 1230, 1233).  Because Garcia was fraudulently joined, his consent to removal is not required.

31.     Based on the foregoing, diversity of citizenship exists between Manzo and Defendants HOWMET GFS and HOWMET AEROSPACE and this case must be removed to the instant Court.

**C.     The Amount in Controversy Requirement Is Satisfied.**

32.     Diversity jurisdiction exists where the parties are diverse of citizenship and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.  28 U.S.C. §1332(a).

33.     The $75,000 threshold necessary for diversity jurisdiction is not particularly burdensome.  In fact, when seeking removal of a state action to federal court based on diversity jurisdiction, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 554 (2014).  The failure of the Complaint to specify the total amount of damages or other monetary relief sought by Plaintiff does not deprive this Court of jurisdiction.  *See, e.g., Saulic v. Symantec Corp.*, No. SA-CV-07-610-AHS(PLAx),

FP 44721563.2

2007 WL 5074883, *5 (C.D. Cal. Dec. 26, 2007); *Parker-Williams v. Charles Tini & Associates, Inc.*, 53 F.Supp.3d 149, 152 (D.D.C. 2014).  A defendant need only to establish by a preponderance of evidence that the claims exceed the jurisdictional minimum. *Rodriguez v. AT & T Mobility Servs. LLC*, 728 F.3d 975, 982 (9th Cir. 2013); *See Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018).  "The amount in controversy may include damages (compensatory, punitive, or otherwise) . . . as well as attorneys' fees awarded under fee shifting statutes." *Id.* (quoting *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648–49 (9th Cir. 2016)).  "In assessing the amount in controversy, [the Court] may consider allegations in the complaint and in the notice of removal, as well as summary-judgment-type evidence relevant to the amount in controversy." *Chavez*, 888 F.3d at 416.

34.    While HOWMET GFS and HOWMET AEROSPACE adamantly deny Manzo's allegations, deny any liability, and deny Manzo has suffered any damages, based upon the allegations contained in the Complaint, the amount of controversy in this action exceeds $75,000, exclusive of interest and costs.  For purposes of determining the amount in controversy, a court must assume that the allegations in the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint.  *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002).  Moreover, the amount in controversy can be determined from the Complaint or from other sources, including statements made in the notice of removal.  *See Kanter, supra*, 265 F.3d at 857 (9th Cir. 2001) (examining complaint and notice of removal for citizenship determination); *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004); ("[W]e reiterate that the amount-in-controversy inquiry in the removal context is not confined to the face of the complaint."); *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 839-40 & n.2 (9th Cir. 2002) (considering settlement demand letter for purposes of determining amount in controversy).

35.     HOWMET GFS employed Manzo, who is fifty-nine (59) years old, as a Machining Tech I.  *See* Drapalski Decl., ¶ 3, **Exhibit A**, Compl., ¶¶ 17; Kimble Decl., ¶¶ 5, 10.

36.     Manzo was terminated from employment on June 19, 2020. Kimble Decl., ¶ 5; *see also* Drapalski Decl., ¶ 3, **Exhibit A**, Compl., ¶¶ 28.

37.     At the time of her employment termination, Manzo hourly rate was $14.78. Kimble Decl. ¶¶ 5–6, **Exhibit F**.   In 2020, Manzo worked on average 29 hours per week.  Kimble Decl. ¶¶ 5–6 **Exhibit F**.   As such, her an annual salary was approximately $22,288.24 as of the date of her termination (calculated as $428.62 weekly salary [$14.78 hour x 29 hours] times 52 weeks).  Kimble Decl. ¶¶ 5–7, **Exhibit F**.

38.     Notably, in 2019, Manzo earned $25,786.81.  Kimble Decl. ¶¶ 8–9,, **Exhibit G**.

39.     Manzo asserts she has suffered lost wages, lost benefits, and emotional distress, and continued lost income, employment, and career opportunities as a result of her alleged unlawful harassment and termination.  *See* Drapalski Decl., ¶ 3, **Exhibit A**, Compl., ¶¶ 42-43, 60-61, 77-79, 93, 102-103, 114-115, 132-134, 146-148, 155-157, Prayer for Relief.

40.     Manzo accuses Defendants of carrying out actions against Manzo in malicious, fraudulent, and oppressive manner with wanton disregard of Manzo's rights.  Drapalski Decl., ¶ 3, **Exhibit A** ¶¶ 45, 63, 82, 95, 106, 117, 136, 151, 158, 181.

41.     The Complaint asserts twelve causes.  *See* Drapalski Decl., ¶ 3, **Exhibit A**.  In ten out of the twelve causes of action, Manzo seeks damages for loss of earnings and/or benefits.  *See Id.* ¶¶ 41, 60, 77, 93, 102, 114, 132, 146, 155, 177, Prayer for Relief.

42.     Manzo also seeks economic and non-economic damages, exemplary

FP 44721563.2

and punitive damages, and attorneys' fees and costs.[1] *See Id.*, Prayer for Relief.

43.     As discussed above, Manzo's employment was terminated on June 19, 2020. Kimble Decl., ¶ 5; *see also* Drapalski Decl., ¶ 3, **Exhibit A**, Compl., ¶¶ 28. Between the date of her resignation and the date of this Notice of Removal, approximately one hundred and eleven (111) weeks have passed.  Accordingly, Manzo's backpay claim is $47,576.82 (calculated as $428.62 weekly salary over 111 weeks), as of the date of this Notice of Removal, and not accounting for anticipated pay increases.  However, it is likely that Manzo will seek lost wages from the date of her termination through trial.  It is also likely that trial will not be set for at least a year after the filing of this Notice of Removal (that is, approximately 162 weeks after Manzo's employment ended) – at which point, Manzo's amount in back pay claim will be approximately $69,436.44 (calculated as $428.62 weekly salary over 162 weeks).  Thus, Manzo's claim for lost wages alone almost satisfies the amount in controversy requirement.  *See Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) (plaintiff's lost wages are included in amount in controversy); *Browand v. Ericsson Inc.*, No. 18-CV-02380-EMC, 2018 WL 3646445, at *5 (N.D. Cal. Aug. 1, 2018) (defendants' calculation that plaintiff would be owed more than $75,000 in backpay if she was wrongfully terminated sufficient to establish amount in controversy); *Tukay v. United Cont'l Holdings, Inc.*, No. 14-CV-04343-JST, 2014 WL 7275310, at *2 (N.D. Cal. Dec. 22, 2014).

44.     Manzo's potential front pay damages may also be considered in establishing the amount in controversy.  *See Chavez*, 888 F.3d at 417-18 (where "a plaintiff's complaint at the time of removal claims wrongful termination resulting in lost future wages, those future wages are included in the amount in

---

[1]     Defendants do not concede that Manzo has stated a claim on which relief can be granted, that she suffered any damages, or that Defendants are responsible for any damages she may have suffered.  Defendants reserve all defenses.

DEFENDANT HOWMET GLOBAL FASTENING SYSTEMS, INC.'S NOTICE AND PETITION OF REMOVAL

FP 44721563.2

controversy."). Manzo is fifty-nine years old. *See* Kimble Decl., ¶ 10. Assuming a retirement age of 65 and the conservative annual rate of compensation of $22,288.24, that would have increased over the years of employment due to anticipated pay increases, Manzo's front pay claim would be at least $133,729.44 (calculated by multiplying the annual salary by six years).[2] *See Huck v. Kone, Inc.*, No. C 10-1845 RS, 2011 WL 31108, at *4 (N.D. Cal. Jan. 5, 2011) (calculating potential front pay claim of 52-year-old plaintiff assuming a retirement age of 65 for purposes of assessing amount in controversy). Thus, Manzo's front pay claim exceeds the threshold amount in controversy for diversity jurisdiction.

45. Manzo's allegations of emotional distress damages may also be considered when assessing the amount in controversy. *See Kroske*, 432 F.3d at 980; *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1034 (N.D. Cal. 2002). Manzo alleges work-related emotional distress, anxiety, and alleged continued treatment for such alleged emotional distress. *See* Drapalski Decl., ¶ 3, **Exhibit A**, Compl. ¶¶ 43, 61, 78, 92, 103, 115, 133-134, 148, 156, 178, Prayer for Relief. Employment discrimination cases in California alleging similar emotional distress injuries have resulted in verdicts that well exceed the diversity jurisdiction threshold of $75,000. *See Velez v. Roche*, 335 F. Supp. 2d 1022, 1037 (N.D. Cal. 2004) ($300,000 emotional distress award where plaintiff suffered depression and other mental anguish following discrimination, even where plaintiff did not formally consult a doctor, did not take any medication for her condition, and continued to work); *Zanone v. City of Whittier*, 162 Cal. App. 4th 174, 183, 185 (2008) (affirming emotional distress award of $660,000 on plaintiff's FEHA discrimination and retaliation claims where plaintiff suffered "stress, anxiety and depression"); *Iwekaogwu v. City of Los Angeles*, 75 Cal. App. 4th 803, 821 (1999) (affirming award of more than $450,000 for emotional distress for FEHA discrimination

---

[2] Defendants do not concede that Manzo is entitled to front pay damages and in fact deny that Manzo was damaged by any of their alleged conduct.

claims where plaintiff suffered "nightmares, loss of appetite, and loss of interest in ordinary activities"); *Kelly-Zurian v. Wohl Shoe Co.*, 22 Cal. App. 4th 397, 410 (1994) (affirming award of more than $110,000 in emotional distress damages in employment discrimination case where plaintiff was diagnosed with anxiety); *Lave v Charter Commc'ns, LLC*, No. RIC 1508865, 2017 WL 2901375, at *3 (Cal. Super. Ct. June 07, 2017) (verdict awarding $575,000 in emotional distress damages where FEHA and IIED plaintiff experienced depression, insomnia, irritability, and anxiety); *see also Glenn-Davis v. City of Oakland*, No. C 02-02257SI, 2007 WL 687486, at *2 (N.D. Cal. Mar. 5, 2007) (reducing $1.85 million emotional distress award to $400,000 for "garden variety" emotional distress stemming from plaintiff's discrimination claims). Accordingly, Manzo's claim for emotional distress injuries also establishes the amount in controversy. *See Rodriguez v. Home Depot, U.S.A., Inc.*, No. 16-CV-01945-JCS, 2016 WL 3902838, at *5 (N.D. Cal. July 19, 2016) (amount in controversy was established in discrimination and retaliation case claiming emotional distress because emotional distress damages in similar cases have been substantial).

46.     Additionally, Manzo's claim for punitive damages can be considered when assessing the amount in controversy. Employment discrimination cases in California have resulted in punitive damages awards exceeding $75,000. *See Pande v. ChevronTexaco Corp.*, No. C-04-05107 JCS, 2008 WL 906507, at *1 (N.D. Cal. Apr. 1, 2008) (plaintiff awarded $2.5 million in punitive damages on CFRA, FEHA, and related violation of public policy under California law claims); *Alvarado v. Fed. Express Corp.*, No. C 04-0098 SI, 2008 WL 744824, at *5 (N.D. Cal. Mar. 18, 2008) (upholding $300,000 punitive damages award in discrimination case); *Harvey v. Sybase, Inc.*, 76 Cal. Rptr. 3d 54, 62, 73 (Cal. Ct. App. 2008) (reinstating $500,000 punitive damages award on plaintiff's FEHA discrimination claims); *Weeks v. Baker & McKenzie*, 63 Cal. App. 4th 1128, 1137 (1998) (affirming $3.5 million punitive damages award against employer in FEHA

discrimination case); *Hunio v. Tishman Const. Corp. of Cal.*, 18 Cal. Rptr. 2d 253, 257, 266 (Cal. Ct. App. 1993) (finding award of $1 million in punitive damages on discriminatory constructive discharge cause of action was "certainly within permissible limits").  Accordingly, Manzo's punitive damages claim establishes the amount in controversy.  *See Rodriguez*, 2016 WL 3902838, at *6 (claim for punitive damages in employment discrimination and retaliation case established amount in controversy because punitive damage awards in similar cases have exceeded jurisdictional threshold).

47.  Manzo has also demanded attorneys' fees, which are recoverable under the statues on which she has sued.  If attorneys' fees are recoverable by the plaintiff, the fee claim is included in determining the amount in controversy, regardless of whether the fee award is mandatory or discretionary.  *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998); *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1010 (N.D. Cal. 2002).  A reasonable estimation of an attorneys' fee award in this case easily exceeds $75,000.  *See Lafever v. Acosta, Inc.*, No. C10-01782 BZ, 2011 WL 5416650, at *6 (N.D. Cal. Nov. 8, 2011) (awarding attorneys' fees of $548,243 to successful plaintiff in FEHA case); *Hamed v. Macy's W. Stores, Inc.*, No. CV 10-2790 JCS, 2011 WL 5183856, at *1 (N.D. Cal. Oct. 31, 2011) (awarding $463,401 in attorneys' fees to plaintiff who obtained a jury verdict of approximately $100,000 on FEHA age discrimination claim); *Leuzinger v. Cty. of Lake*, No. C 06-00398 SBA, 2009 WL 839056, at *12 (N.D. Cal. Mar. 30, 2009) (awarding attorneys' fees of $735,500 to partially successful plaintiff in FEHA case); *Pande*, 2008 WL 906507, at *9 (awarding attorneys' fees of $464,938 to plaintiff who prevailed on claims for FEHA retaliation and wrongful termination in violation of public policy).

48.  Based on the foregoing, almost all of Manzo's distinct claims for damages *independently* establish that the amount in controversy in this case exceeds $75,000, and in the aggregate demonstrate that the amount is well above

FP 44721563.2

1   the jurisdictional threshold.

2      49.    In sum, the evidence in the Complaint itself is sufficient to establish

3   that Manzo has placed in controversy an amount exceeding the jurisdictional

4   minimum amount of $75,000.00, exclusive of costs and interest.  Accordingly, the

5   State Lawsuit may be removed to the United States District Court for the Central

6   District of California because, at the time this action was filed and at the present

7   time, diversity jurisdiction exists.

8   **V.      PROCEDURAL PREREQUISITES**

9      50.    Pursuant to 28 U.S.C. §§ 1441(a) and 1446(a), the United States

10  District Court for the Central District of California is the appropriate court to which

11  to remove this action from the Los Angeles Superior Court, where the action was

12  filed.

13     51.    As required by 28 U.S.C. § 1446(d), a written notice of this Notice of

14  Removal in the United States District Court for the Central District of California

15  will be served on Manzo's counsel of record Lara & Luna, APC.  A copy of the

16  Notice to Adverse Party of Removal of Action to Federal Court is attached to the

17  Declaration of Anet Drapalski as **Exhibit C** (without exhibits because the exhibit

18  is this Notice).  In addition, a copy of this Notice of Removal will be filed with the

19  Clerk of the Court in the Superior Court for the State of California, County of Los

20  Angeles.

21     52.    Pursuant to 28 U.S.C. § 1446 (b)(2)(A)-(C), all Defendants who have

22  been joined and served in this matter consent to removal and join in this Notice of

23  Removal.

24     53.    This notice is executed pursuant to Rule 11 of the Federal Rules of

25  Civil Procedure.

26     54.    In filing this notice, HOWMET GFS does not waive any defenses.

27     55.    In filing this notice, HOWMET GFS does not admit any of the

28  allegations made in Manzo's State Lawsuit.

DEFENDANT HOWMET GLOBAL FASTENING SYSTEMS, INC.'S NOTICE AND PETITION OF
REMOVAL

FP 44721563.2

1

## VI.   **CONCLUSION**

2        56.    Based on the foregoing, HOWMET GFS prays that the above-

3  described action pending in the Superior Court of California, County of Los

4  Angeles be removed to the United States District Court for the Central District of

5  California.

6  Dated:  August 5, 2022                         Respectfully submitted,

7                                                  FISHER & PHILLIPS LLP

8

9                                      By:    */s/ Anet Drapalski*

10                                             Anet Drapalski
                                               Joel Moon
11                                             Attorneys for Defendants
                                               HOWMET      AEROSPACE     INC.;
12                                             HOWMET   GLOBAL   FASTENING
                                               SYSTEMS INC.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FP 44721563.2

# CERTIFICATE OF SERVICE

I, the undersigned, am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; am employed with Fisher & Phillips LLP and my business address is 444 South Flower Street, Suite 1500, Los Angeles, California  90071.

On August 5, 2022, I served the foregoing document entitled **DEFENDANT HOWMET GLOBAL FASTENING SYSTEMS INC.'S NOTICE AND PETITION OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332(A), 1441, AND 1446** on all the appearing and/or interested parties in this action by placing ☐ *the original* ☒ *a true copy* thereof enclosed in sealed envelope(s) addressed as follows:

Edward Lara, Esq.                               *Attorneys for Plaintiff Rosa Manzo*
Linda Luna Lara, Esq.
Hiromi Parks, Esq.                              Tel:    562-444-0010
LARA & LUNA APC                         Fax:    949-288-6953
6131 Orangethorpe Ave., Suite 215    Email: ELara@LaraLunaLaw.com
Buena Park, CA 90620                              LLara@LaraLunaLaw.corn
                                                            HParks@LaraLunaLaw.com
                                                            la@laralunalaw.com

☒     **[by MAIL]** - I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after date of deposit for mailing this affidavit.

☒     **[by ELECTRONIC SUBMISSION]** - I served the above listed document(s) described via the United States District Court's Electronic Filing Program on the designated recipients via electronic transmission through the CM/ECF system on the Court's website.  The Court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case. The NEF will constitute service of the document(s). Registration as a CM/ECF user constitutes consent to electronic service through the court's transmission facilities.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed August 5, 2022, at Los Angeles, California.

Nora Martinez                              By:  _____
_____
Print Name                                                    Signature

CERTIFICATE OF SERVICE

FP 44721563.2