UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-05520-GW (MAAx) | Date | August 31, 2021 |
|---|---|---|---|
| Title | Rosa Manzo v. Howmet Aerospace Inc., et al. | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Javier Gonzalez | None Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**   **ORDER TO SHOW CAUSE RE: FRAUDULENT JOINDER**

Defendant Howmet Global Fastening Systems Inc. ("Howmet GFS") removed this action to this Court on August 5, 2022, asserting complete diversity as a basis for this Court's subject matter jurisdiction. This Court must *sua sponte* consider its own subject matter jurisdiction. *See, e.g.*, *Pistor v. Garcia*, 791 F.3d 1104, 1111 (9th Cir. 2015).

Howmet GFS asserts that its co-defendant, Javier Garcia – the supervisor of plaintiff Rosa Manzo ("Plaintiff") – was fraudulently-joined in this action in which he is named as a defendant on the fourth cause of action, for harassment under California Government Code § 12940(j), in the Complaint filed June 27, 2022 in Los Angeles County Superior Court. Howmet GFS's argument in its removal paperwork for why Garcia was fraudulently-joined is that the Complaint currently does not allege facts sufficient to state a claim for harassment against Garcia, for various reasons. *See* Notice of Removal ¶¶ 19-29.

The Court orders Howmet GFS to show cause why this matter should not be remanded in light of the Ninth Circuit's decision in *Grancare, LLC v. Thrower by and through Mills*, 889 F.3d 543 (9th Cir. 2018). Specifically, Howmet GFS shall address *Grancare*'s observation that "the test for fraudulent joinder and for failure to state a claim under Rule 12(b)(6) are not equivalent," *id.* at 549, and that even if a plaintiff's current allegations could not "withstand a Rule 12(b)(6) motion, the fraudulent inquiry does not end there" because the district court would have to "consider . . . whether a deficiency in the complaint can possibly be cured by granting the plaintiff leave to amend," *id.* at 550. *See id.* at 552 ("Because these arguments go to the sufficiency of the complaint, rather than to the possible viability of the heirs' claims against Rhodes, they do not establish fraudulent joinder."); *see also, e.g.*, *Shak v. USI Ins. Servs., LLC*, No. 21-cv-01631-AJB-AGS, 2022 WL 463923, *3-4 (S.D. Cal. Feb. 15, 2022); *Sullivan v. Kloeckner Metals Corp.*, No. 2:21-cv-03309-SB-PD, 2021 WL 2665720, *3 (C.D. Cal. June

:

Initials of Preparer   JG

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-05520-GW (MAAx) | Date | August 31, 2021 |
|---|---|---|---|
| Title | *Rosa Manzo v. Howmet Aerospace Inc., et al.* | | |

28, 2021); *Doe v. Wells Fargo Bank, N.A.*, No. CV 19-5586-GW-PLAx, 2019 WL 3942963, *5-6 (C.D. Cal. Aug. 19, 2019)..

    Howmet GFS may respond to this Order in a brief not to exceed ten pages filed by Friday, September 9, 2022.  Plaintiff may respond, if she so wishes, in a brief of the same maximum-length, filed by Friday, September 16, 2022.  The Court will then take the matter under submission and remand the case to Los Angeles County Superior Court (and consequently vacate the Scheduling Conference set for September 22, 2022), *if appropriate*.

    It is so ordered.

:  _____

Initials of Preparer   JG