REMAND/JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-05520-GW (MAAx) | Date | September 28, 2022 |
|---|---|---|---|
| Title | *Manzo v. Howmet Aerospace Inc., et al.* | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Javier Gonzalez | None Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:        Attorneys Present for Defendants:

None Present                   None Present

**PROCEEDINGS (IN CHAMBERS):**   **ORDER REMANDING ACTION; VACATING HEARING ON MOTION TO REMAND AND SCHEDULING CONFERENCE**

The Court has reviewed the response of defendants Howmet Aerospace Inc. and Howmet Global Fastening Systems Inc. (collectively, "Howmet") to the Court's August 31, 2022[1] Order to Show Cause re: Fraudulent Joinder. It is clear to the Court that Howmet cannot meet the fraudulent joinder standard as it is understood and presented in *Grancare, LLC v. Thrower by and through Mills*, 889 F.3d 543 (9th Cir. 2018). Howmet's citation to cases *preceding* Grancare – especially *district court cases preceding* Grancare – for the proposition that a court may not consider post-removal amendments in adjudging fraudulent joinder is misguided for the obvious reason that it is *Grancare* that is controlling on this point.[2] The action will therefore be remanded for lack of subject matter jurisdiction/complete diversity.

Any current deficiencies in the claim of plaintiff Rosa Manzo ("Plaintiff") against co-defendant (and presumed-California citizen) Javier Garcia ("Garcia") are not deficiencies – if they are deficiencies at all – that cannot be cured by way of amendment (in a proceeding before a court properly having jurisdiction over the matter). *See Grancare*, 889 F.3d at 550, 552. That Plaintiff's allegations in her Complaint do not meaningfully differ from those she included in the course of administratively exhausting her claim does not mean that Plaintiff has already had two opportunities *before a court* in which to state her claim.

---

[1] Erroneously-dated August 31, 2021.

[2] In addition to pre-*Grancare* district court decisions, Howmet cites *Williams v. Costco Wholesale Corp.*, 471 F.3d 975 (9th Cir. 2006). That case dealt with a post-removal amendment removing the case's sole federal claim, *see id.* at 976, not a question of whether a possibility-of-amendment must be taken into consideration for purposes of assessing fraudulent joinder.

|  | : |
|---|---|
| Initials of Preparer | JG |

REMAND/JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-05520-GW (MAAx) | Date | September 28, 2022 |
|---|---|---|---|
| Title | *Manzo v. Howmet Aerospace Inc., et al.* | | |

    Howmet spends the bulk of its response on asserting that Garcia was not properly-joined-and-served at the time of the removal of this case. That is only relevant to the question of whether the removal violated the no-local-defendant rule, as set forth in 28 U.S.C. § 1441(b)(2). Unlike the situations in the cases Howmet cites, *see* Docket No. 18, at 3:7-5:8, that is not the issue here. The issue here concerns the Court's *subject matter jurisdiction* – whether there is complete diversity – and whether Garcia was or was not served at the time of removal is irrelevant to that question. *See, e.g., Preaseau v. Prudential Ins. Co. of Am.*, 591 F.2d 74, 78-79 (9th Cir. 1979); *Clarence E. Morris, Inc. v. Vitek*, 412 F.2d 1174, 1176 & n.1 (9th Cir. 1969) ("Whenever federal jurisdiction in a removal case depends upon complete diversity, the existence of diversity is determined from the fact of citizenship of the parties named and not from the fact of service."); *see also* Phillips & Stevenson, *Rutter Group Prac. Guide: Federal Civ. Pro. Before Trial* (The Rutter Group 2022), ¶ 2:2341, at 2D-23 ("[T]he citizenship of all defendants – both served and unserved – determines diversity jurisdiction. The case is not removable on diversity grounds in the first place if any plaintiff and any defendant are citizens of the same state. It makes no difference whether the 'local' defendant has been served."). The Court can only ignore his presence as a defendant (and presumed-California-citizenship) if the fraudulent-joinder standard is satisfied. For reasons already-expressed, it is not.

    The matter is remanded forthwith.[1] The October 13, 2022 hearing set for Plaintiff's motion for remand – which does *not* seek an award of attorney's fees – is vacated as moot, as is the Scheduling Conference now set for that same date.

    It is so ordered.

---

[1] The remand herein is based on the Court's August 31, 2022 Order to Show Cause and not upon Plaintiff's motion for remand.

                                                                                                                  :

Initials of Preparer     JG